Anthony Albert Jimenez
FULL NAME
Anthony Albert Jimenez #K-31916
COMMITTED NAME (if different)
CSP-Corcoran
3A-05-146 Low
FULL ADDRESS INCLUDING NAME OF INSTITUTION
P.O. Box 3461
Corcoran, Ca. 93212
CDC #K-31916
PRISON NUMBER (if applicable)

FILED

2012 JUL 18 PM 3: 13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

550

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Anthony Albert Jimenez,

                              PLAINTIFF,

                    v.

County of Los Angeles, Los Angeles
County Board of Supervisors, Does 1-20,
                              DEFENDANT(S).

CASE NUMBER

CV12-5691 RGK (PJW)

To be supplied by the Clerk

CIVIL RIGHTS COMPLAINT **TRIAL BY JURY**
PURSUANT TO (Check one)        **DEMANDED**

☒ 42 U.S.C. § 1983, **42 U.S.C. §1981 and 42 U.S.C.§1985**
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS  (See attached sheet(s) for additonal previous lawsuits)

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many? __3__

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.) **First Lawsuit:**

   While awaitng trial as a pretrial detainee in the Los Angeles Coutny Jail, in 1997, Plaintiff was the victim of the unnecessary, unjustified use of force by numerous Los Angeles County Sheriff's Deputy's. Plaintiff filed suit pursuant to 42 U.S.C. §1983, to enforce his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America, as well as malicious prosecution. Plaintiff was ultimately awarded both Compensatory and Punitive damages by a Federal Jury and was affirmed on appeal.

LODGED

2012 JUN 29 PM 4: 54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY



LODGED ~~RECEIVED~~
CLERK, U.S. DISTRICT COURT

JUN 14 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

**Page 1**

a. Parties to this previous lawsuit:
Plaintiff _____ Anthony Albert Jimenez,

_____ Plaintiff-Appellee,

Defendants Los Angeles County Sheriff's Deputy's John Franklin, Ryan Bergner, Gilbert Duron and Gabriel Frank Gonzalez, Deefendant(s)-Appellant(s).

b. Court United States District Court for The Central District Court of California; and United States Court of Appeals for The Ninth Circuit.

c. Docket or case number U.S.D.C. No. CV 99-03455PJW; 9th Cir. No's 07-56149 and 07-56545

d. Name of judge to whom case was assigned Hon. Patrick J. Walsh, United States Magistrate Judge

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) Verdict in favor of Plaintiff, affirmed on appeal.

f. Issues raised: Violations of plaintiff's Contitutional rights pursuant to the Fourth and Fourteenth Amendments; Defendant(s) appealed verdict. Defendant(s) claimed error by District Court Re: Deputys' Disciplinarys and rape conviction(s).

g. Approximate date of filing lawsuit: April 1999.

h. Approximate date of disposition April 2010, verdict affirmed by U.S.C.A. For 9th Cir. Cert. Denied.

**(See attached sheet(s) for additional previous lawsuit(s))**

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes   ☒ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not Claim for damages to person or property filed with Los Angeles County.

3. Is the grievance procedure completed? ☒ Yes   ☐ No   County failed to provide written decision.

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure. Unavailable to plaintiff but electronic may be found at http://bos.co.la.ca.us/PDFs/AssessmentAppealsClaimForDamages.pdf.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff Anthony Albert Jimenez,
(print plaintiff's name)

who presently resides at the California State Prison at Corcoran California,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
Los Angeles County State of California
(institution/city where violation occurred)

**Page 2**
CIVIL RIGHTS COMPLAINT

on (date or dates) April 27, 2010 , April 27, 2010 , April 27,2010.
                   (Claim I)              (Claim II)            (Claim III)

NOTE:   You need not name more than one defendant or allege more than one claim. If you are naming more than
        five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant  **County of Los Angeles** _____ resides or works at
               (full name of first defendant) **Kenneth Hall of Administration**

    **500 West Temple St., L.A. Ca. 90012** _____
    (full address of first defendant)

    **County of Los Angeles** _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law: **Each individual defendant acted pursuant to authority conferred upon them as agent/employees of Los Angeles County. Further, The County acted according to it's charter and policy's as organized and incorporated under the laws of the State of California.**

2.  Defendant **Los Angeles County Board of Supervisors** _____ resides or works at
               (full name of first defendant) **Executive Office, Kenneth Hall of Administration**

    **500 West Temple St., L.A. Ca. 90012**
    (full address of first defendant)

    **Los Angeles County Supervisor** _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law: **In committing the complained of acts herein, each defendant was the agent and/or employee of The County of Los Angeles and was acting within the scope of said employment.**

3.  Defendant **Gabriel Frank Gonzalez** _____ resides or works at
               (full name of first defendant)

    **Marina Federal Correctional Institute, Florida** I
    (full address of first defendant)

    **(Former Los Angeles County Sheriff's Deputy)**
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law: **Failed to satisfy judgment against him or force the County to indemnify him for damages awarded against him for violating plaintiff's right(s) while a Deputy Sheriff.**

**Page 3**

CIVIL RIGHTS COMPLAINT

4.  Defendant   Doe(s) 1-20 _____ resides or works at
    (full name of first defendant)

    (Plaintiff sues defendant(s) by such fictitous names
    (full address of first defendant)

    until such time as their true names may be ascertained)
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law: Each defendant was the agent/or
employee of each other defendant, acting within the course/employment
of each other defendant/agency, acting under color of State Law.

5.  Defendant _____ resides or works at
            (full name of first defendant)

    _____
            (full address of first defendant)

    _____
            (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**Page 4**

**D. CLAIMS***

CLAIM I-III

The following civil right has been violated:

(These claim(s) arise out of an identical set of operative fact(s) with an indivisible course of conduct, yet, trigger Three separate federal statute(s). In an effort to avoid redundancy, plaintiff, will rspectfully modify this format)

<b>Claim I</b>

**42 U.S.C. Section §1981.** Defendant(s) and each of them, recklessly, deliberately and maliciously, denied plaintiff, full and equal benefits and proceedings, for the security of person and property, as enjoyed by White Citizens, all to plaintiff's damage, as herein alleged, specifically, the right to compensation for violations of plaintiff's civil rights, pursuant to the First, Fourth and Fourteenth Amendments to the Constitution of The United States of America.

(See attached sheet(s) for additional claim(s))

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

(Plaintiff, hereby by reference, incorporates the following supporting fact(s) as applicable to claim(s) I-III)

1.) Following 11 years of litigation, which included a motion for Summary Judgment, denied by the District Court and affirmed by the United State Court of Appeals For The Ninth Circuit, an 11 day jury trial, with verdict in favor of Plaintiff, and a post verdict appeal on which verdict was affirmed Plaintiff's victory, defendant(s) Los Angeles County, Los Angeles County Board of Supervisors and Doe(s) 1-20, decided **"NOT"** to pay damages awarded by a Federal Jury, thereby depriving plainitff his right to be compensated.

2.) After plaintiff's victory was affirmed, defendant Los Angeles County, The Los Angeles County Board of Supervisor(s), Doe(s) 1-20, at a **"CLOSED SESSION MEETING,"** arbitrarily, in a **"BAD FAITH,"** decision voted **"NOT"** to indemnify defendant, former deputy Gabriel

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline. (See attached sheet(s) for supporting fact(s) continued)

**Page 5**
CIVIL RIGHTS COMPLAINT

CV-66 (7/97)

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

(a) Actual damages in the amount of $150,000.00, plus interest accrued from the date of entry of verdict in Plaintiff's favor in the **"Franklin"** matter,

(b) Compensatory damages in an amount of accordance with proof,

(c) Punitive and exemplary damages (against each of the defendant(s)), in an amount to deter and make an example of each of them in accordance with proof,

(d) Injunctive and declaratory relief including but not limited to: 1.) levy of lien against Defendant Gonzalez's prison trust account until such time as judgment in **"FRANKLIN"** against defendant is satisfied,

2.) Seizure of any money in his prison account seized and forwarded to plaintiff toward satisfaction of judgment,

3.) That the Warden of the prison where Gonzalez is housed and/or the director of the Bureau of Prison(s) be ordered to continue forwarding any money received to plaintiff until such time as judgment is satisfied and further ordered by this court,

4.) That a mandate be issued to Defendant Los Angeles County and it's Supervisor's ordering satisfaction of judgment,

(e) Award of attorney's fee's and costs pursuant to 42 U.S.C. §1988, in accordance with proof,

(f) Treble damages;

(h) Any further relief as the court deems just and proper.

**-TRIAL BY JURY HEREBY DEMANDED-**

6/11/12
_(Date)_

_(Signature of Plaintiff)_
Anthony Albert Jimenez, In Pro-se.

(A. Previous Lawsuits Continued)

### Second Lawsuit:

While confined in a California State Prison in 1996, plaintiff,brought suit to enforce and sought damages for violation(s) of the right to be free from the unprovoked, unnecessary, unjustified, unreasonable use of excessive force, and the right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. In addition, plaintiff, sought  damages for Malicious Prosecution and Assault & Battery supplemental pendent jurisdiction State Tort Law Claim(s).

a. Parties in this previous lawsuit:

Plaintiff  Anthony Albert Jimenez,

Plaintiff-Appellant,

Defendants  Frank Carhunagan and El La Fon,

Defendant(s)-Appellee(s).

b. Court: United States District Court for The Central District of California and The United States Court of Appeals for The Ninth Circuit.

c. Docket or case number: District Court No. CV 03-05374DDP(Shx); 9th Cir. No. 08-55420.

d. Name of Judge to whom case was assigned: The Honorable Dean D. Pregerson, United States District Court Judge.

e. Dismissed "Without Prejudice" for Failure to exhaust following **WOODFORD V. Ngo**, and it's progeny.

f. Issues raised: Violation(s) of plaintiff's right(s) under the Eighth and Fourteenth Amendments, argued for exemption from **PLRA** due to injuries.

g. Approximate date of filing suit: April 1999.

h. Approximate date of disposition: October 2010.

**(A. Previous Lawsuits Continued)**

### Third Lawsuit:

While confined in a California State Prison in 2001, plainitff, was the victim of a beating by State Prison Guards. Plaintiff, then brought suit to enforce and sought damages for violation(s) of the right to be free from the unprovoked, unnecessary, unjustified, unreasonable use of excessive force and the right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendment(s) to the United States Constitution of The United States of America. In addition, plaintiff, sought damages for Malicious Prosecution and Assault & Battery, supplemental pendent jurisdiction State Tort Law Claim(s).

a. Parties in this previous lawsuit:

Plaintiff  Anthony Albert Jimenez,

Plaintiff,

Defendants  Jason Valoff and Larry Webb, et al.,

Defendants.

b. Court: United States District Court for The Eastern District of California.

c. Docket or Case Number: Unavailable.

d. Name of judge to whom case was assigned: Unavailable.

e. Disposition: Plaintiff moved to dismiss "Without Prejudice."

f. Issues raised: None. Dismissed "Without Prejudice."

g. Approximate date of filing lawsuit: 2003.

h. Approximate date of disposition: 2003 or 2004.

-----

(D. Claim(s) Continued)

### Claim II

**42 U.S.C. Section §1983.** Defendant(s) and each of them acting under Color of State Law, deprived plaintiff of right(s), privileges and immunities secured by The Constitution and Laws of The United States of America, including the First, Fourth and Fourteenth Amendments as well as California State Laws, by, <u>inter alia,</u>

(a) acting in **"BAD FAITH"** in contravention of State and Federal Law when deciding **"NOT"** to indemnify Deputy Gonzalez;

(b) voting **"NOT"** to honor plaintiff's right to be compensated monies awarded plaintiff as redress for violation(s) of plaintiff's Civil Right(s);

(c) denying the County's **"Vicarious Liability"** for injuries/damages plaintiff suffered as a result of officer misconduct occurring within the scope of the officer's employment;

(d) denying the plaintiff the right to recover personally against the other defendant Sheriff's Deputy's whom could afford to pay damages awarded against them, while denying plaintiff the right to recover at all for the punitive damages awarded against Deputy Gonzalaez; by indemnifying those whom could in fact pay.

### Claim III

**42 U.S.C. Section §1985(3).** Defendant(s) and Two or more of them, conspired for the purpose of:

(a) depriving plaintiff of equal protection of the law;

(b) depriving plaintiff of due process of the law;

(c) hindering the security of Equal Protection and Due Process of Law to all person(s); and

(d) denying the plaintiff, his right to be compensated damages awarded by the jury and a Federal Court as redress for violation(s) of Civil Right(s) pursuant to 42 U.S.C. §1983.

1 (Supporting Fact(s) Continued)

2 Frank Gonzalez, for the punitive damage(s) awarded aginst him,

3 thereby, once again depriving plaintiff of his Civil Right(s).

4     3.) Plaintiff, is informed and believes that the sole basis

5 on which the defendant(s) decided **"NOT** to indemnify Deputy Gonzalez

6 is the defendant(s) position that because Deputy Gonzalez, is now

7 in prison, he is **"JUDGMENT PROOF."**

8     4.) Plaintiff, is informed and alleges that Trevor L. Grimm,

9 Esq., then counsel for The County of Los Angeles,informed the def-

10 endant(s), that they should indemnify Deputy Gonzalez, for the

11 damages, counsel the defendant(s) refused to heed.

12     5.) In 1997, plaintiff, was being held pending trial at

13 the Los Angeles County Jail as a pretrial detainee.

14     6.) On February 21, 1997, March 4, 1997, and March 27,1997,

15 plaintiff, was the victim of unnecessary, unjustified and excessive

16 use of force by Los Angeles County Sheriff's Deputy's.

17     7.) In April 1999, plaintiff filed suit in the United States

18 District Court for The Central District of California,(District

19 Court No. CV 99-03455PJW; 9th Cir. No.'s 07-56149/07-56545, _Jimenez_

20 _v. Franklin, et al.,_ hereinafter **"FRANKLIN"**) The Honorable Patrick

21 J. Walsh, United States Magistrate Judge presiding. The case ul-

22 timately went to trial on May 2, 2007, and on May 17, 2007, the

23 jury returned a verdict in favor of plaintiff as to each claim.

24     8.) On June 5, 2007, pursuant to the jury's verdict, Judge

25 Walsh, entered judgment against defendant(s) as follow(s):

26     Deputy Sheriff Captain, John Franklin- $1.00 in compensatory

27 damages;



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1    Deputy Sheriff Sgt. Gilbert Duron- $5,000.00 in compensatory
2  damages, plus, $10,000.00 in punitive damages;
3    Deputy Sheriff Ryan Bergner- $50,000.00 in compensatory
4  damages, plus, $50,000.00 in punitive damages;
5    Deputy Sheriff Gabriel Frank Gonzalez- $100,000.00 in comp-
6  ensatory damages, plus, $150,000.00 in punitive damages;
7    A **"SUA SPONTE"** reduced attorney fee award of $505,671.20.
8    9.) Between July 2002 and January 2003, while the **"FRANKLIN"**
9  matter was pending and on patrol in Los Angeles County, deputy
10  Gabriel Frank Gonzalez, raped and otherwise sexually assaulted
11  several women in his patrol car. Subsequently, deputy Gonzalez,
12  was convicted in Federal Court and sentenced to 30 years in Federal
13  prison for these crime(s).
14    10.) At the time of deputy Gonzalez's deposition in the
15  **"FRANKLIN"** matter in March 2003, he had not yet been arrested for
16  his crimes and plaintiff only learned of these conviction(s)
17  after reading an article regarding his crime(s) in a publication
18  entitled Prison Legal News shortly before trial.
19    11.) Defendant(s) conspired to keep this information from
20  plaintiff and out of the hands of the jury in an effort to minimize
21  the damage to the plaintiff and ultimately the damages awarded
22  to plaintiff.
23    12.) As a proximate cause of defendant(s) action(s), deputy
24  Gonzalez, was able to liquidate his asset(s) and put them beyond
25  the reach of plaintiff.
26    13.) Defendant(s) not only were well aware of Gonzalez's
27  troubles but footed the bill for his criminal and civil defense(s)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

**page 11**

1  which were litigated by the same firm the County paid to defend

2  him in the **"FRANKLIN"** matter and civil right(s) suit(s) filed by

3  women he sexually assaulted.

4      14.) A number of the other involved Deputy's had been disc-

5  iplined for a variety of reason(s), which included firings and

6  suspension(s), for violation(s) of the civil right(s) of other

7  person(s) besides plaintiff.

8      15.) Notwithstanding the knowledge of numerous abuses and

9  violation(s) of civil right(s) of numerous person(s), defendant(s)

10  herein acquiesced and condoned in the unconstitutional action(s)

11  of the defendant(s) by defending the undefendable and/or failing

12  to implement corrective policy's consistent with the Constitutional

13  right(s) of the inhabitant(s) of Los Angeles, including pretrial

14  detainees.

15      16.) During the course of the 8 long years it took to bring

16  the **"FRANKLIN"** matter to trial, the County of Los Angeles engaged

17  in extremely stubborn, dilatory litigation tactics which unnecess-

18  arily drove up the cost of litigation. These included, frivilous

19  summary judgment motions and appeals as well as unsuccessfully

20  moving for monetary sanction(s) against a destitute plaintiff,

21  forcing the court to involve itself and ordering discovery requested

22  by plaintiff and which should have been granted as a matter of

23  course and so forth.

24      17.) As late as 1 month prior to trial, defendant(s) in

25  the **"FRANKLIN"** matter moved " **IN-LIMINE**" to exclude any evidence

26  of **"THE FACT"** that if the Jury ruled in Plaintiff's favor **"ANY"**

27  award of damages **"WOULD BE PAID BY THE COUNTY OF LOS ANGELES."** "IN-

1  LIMINE" motion(s) were also made to exclude **"ANY"** evidence of

2  the defendant(s) net worth as well as bifurcation of the compens-

3  atory and punitive damages portion(s) of the trial, which the court

4  granted on April 11, 2007. After 8 long years a battle weary Plain-

5  tiff was victorious, yet again the County appealed, this time

6  challenging the verdict but the verdict was affirmed by the Ninth

7  Circuit United States Court of Appeals.

8      18.) The **"FRANKLIN"** defendant(s) had the right to refuse

9  settlement negotiations, press their summary judgment appeal,

10 force court intervention of discovery disputes which should not

11 have been disputes at all, and even to move for monetary sanctions

12 repeatedly against a destitute plaintiff but they **"DO NOT"** have

13 the right to deny plaintiff his right to be compensated for violat-

14 ation(s) of his civil right(s), by **"VIA A BAD FAITH INDEMNIFICATION**

15 **DECISION"** by simply choosing **"NOT"** to pay whenever the punitive

16 damages awarded against an officer is beyond what the officer

17 could afford to pay.

18      19.) At all times mentioned herein, each defendant authoriz-

19 ed and ratified the act(s) of each of the other defendant(s),

20 whom acted and conspired together in the unconstitutional conduct.

21      20.) Plaintiff alleges further that the County of Los

22 Angeles is liable for all plaintiff's injuries and/or damages as

23 alleged herein by virtue of California Government Code §815(a),

24 which makes public entities in California vicariously liable for

25 violation(s) of civil right(s) under 42 U.S.C. §1983 by their

26 employees, while acting within the course and scope of their em-

27 ployment.

1    21.) The defendant(s) herein foster and tolerate an atmosp-

2  ere of overt and tacit Anti-Hispanic racism within the Executive

3  Office(s) of the County of Los Angeles, The Depertment(s) of Los

4  Angeles County, it's Board of Supervisor's, The Los Angeles County

5  Jail and Los Angeles County Sheriff's Department.

6    22.) Although the violation(s) of Plaintiff's Constitution-

7  al Right(s) were certainly accomplished by each of the individual

8  and Executive Officer's of The County of Los Angeles present, but

9  this was also indicative of a grossly constitutionally deficient

10  policy's, including but not limited to hiring/electing and/or

11  disciplinary policies and customs of racial bias within the Los

12  Angeles County Government, representing a deliberate indifference

13  to the inhabitant(s) of Los Angeles County.

14    23.) In doing the foregoing wrongful act(s), defendant(s)

15  and each of them were motivated by individous Anti-Hispanic resent-

16  ment (I.E. class based animus), and they acted in intentional

17  reckless, malicious, callous and the arbitrary disregard for the

18  Constitutional Right(s) of plaintiff, in total disregard for Fed-

19  eral Law.

20    24.) The wrongful act(s) and each of them were willful,

21  oppressive, fraudulent and deliberately malicious.

22    25.) Plaintiff is informed and believes that the County

23  of Los Angeles footed the bill for Deputy Gonzalez, for his crim-

24  inal trial and both civil trial(s), and paid the women for him

25  raping them and prior to trial represented to the District Court

26  the County of Los Angeles would pay **"ANY"** damage award when moving

27  **"IN-LIMINE"** to exclude evidence of the source of payment of **"ANY"**

1  award of damages, yet now choose **"NOT"** to pay.

2      The County of Los Angeles **"CANNOT"** be allowed to absent

3  themselves from paying punitive damages whenever an Officer hides

4  his money after selling his property and claiming the Officer

5  is so called **"JUDGMENT PROOF"** cause he is now imprisoned. To do

6  so would encourage future **"BAD FAITH INDEMNIFICATION"** decision(s)

7  in an effort to avoid liability of Local Government(s) for miscond-

8  uct of it's police officer's, and violating the Civil Right(s)

9  of the inhabitant(s) of local Municipality's. As the court knows

10 punitive damages are often awarded to get the attention of local

11 Government's for Constitutionally deficient policy's or custom(s)

12 and to allow The County of Los Angeles to get away without paying

13 damages awarded plaintiff for his injuries would turn 42 U.S.C.

14 §1983, on it's head and allow the County Board to render Federal

15 moot.

16      26.) Defendant(s) have had their day in court and exhausted

17 all their appeals and acted in **"BAD FAITH"** when deciding not to

18 indemnify Deputy Gonzalez.

19      27.) Finally, deputy Gonzalez, has the ability to force

20 the County to pay but has **"CHOSE NOT TO."** It is simply time to

21 pay the Piper.

22

23

24                    **(Supporting Fact(s) Concluded)**

25

26

27



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

CS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Anthony Albert Jimenez

**(b)** County of Residence of First Listed Plaintiff **County of Kings**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Anthony Albert Jimenez #K-31916
CSP-Corcoran    3A-05-146 L
P.O. Box 3461   Corcoran Ca. 93212

**DEFENDANTS**

Los Angeles County Board of Supervisor

County of Residence of First Listed  Los Angeles County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Unknown

---

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayments & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 535 Death Penalty | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Additional Torts — Personal Injury / Personal Property:
☐ 362 Personal Injury— Med. Malpractice  ☐ 365 Personal Injury— Product Liability  ☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability
**LABOR** ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act

---

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. §1981, 42 U.S.C. §1983, and 42 U.S.C. §1985; seeks damages for denial of plaintiff's right to be compensated money awarded plaintiff for violation's of his Civil Rights.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ actual and other damages.  CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions): JUDGE Hon. Patrick J. Walsh

U.S.C.A. 9th No's. 07-56149/07-56
DOCKET NUMBER U.S.D.C. No. CV-99-03455 PJW

DATE 6/14/12   SIGNATURE OF ATTORNEY OF RECORD  _Anthony Jimenez_   In Pro-Se.

FOR OFFICE USE ONLY

Anthony Albert Jimenez #K-31916
California State Prison Corcoran
3A-05-146 Low
P.O. Box 3461
Corcoran, California 93212
          In Pro-Se.


                         June  11,  2012


<u>TO:</u> United States District Court          *LEGAL - MAIL*
Central District of California
312 North Spring Street, Room G-8      *VIA FIRST CLASS U.S. MAIL*
Los Angeles, California 90012
<u>ATTN:</u> Pro-Se Clerk.


Dear Sir/ Ma'am:

         Plaintiff understands that the filing fees must be paid for the en-
closed complaint and wishes to inform the court that plaintiff <u>**"WILL NOT"**</u>
be seeking leave of court to proceed in forma-pauperis regarding the filing
fees for this action. As soon as the case is assigned a case number and
plaintiff will forward a check to the court in the amount of $350.00 as
payment in full.

         The facility at which plaintiff is currently housed at is on a modif-
ied program and is having difficulty obtaining assistance with litigation.
It is this prison's position that only inmates with active court cases and
<u>**"A COURT DEADLINES,"**</u> are entitled to priority legal user, <u>**"PLU"**</u> status and
because I technically have no active case, I cannot be designated <u>**"PLU."**</u> I
apologize for any inconvenience this may cause.

         I thank you in advance for your cooperation!

                              Respectfully Submitted,

                              X _____
                              Anthony Albert Jimenez #K-31916
                              In Pro-Se.

Anthony Albert Jimenez #K-31814
California State Prison Corcoran
4B-4L-146 Low
P.O. Box 3461
Corcoran, California 93212

CORCORAN STATE PRISON

pitneybowes

$02.700

06-12-2012

Mailed From 93212

US POSTAGE

CLERK, U.S. DIST. COURT

JUN 14 2012

CENTRAL DISTRICT OF CALIFORNIA

TO: United States District Court
For The Central District of California
312 North Spring Street, Room G-8
Los Angeles, California 90012

ATTN: Pro Se Clerk.

LEGAL — MAIL

LEGAL — MAIL



FROM: Anthony Albert Jimenez #X-1004
California State Prison Corcoran

Corcoran, California 93217

CORCORAN STATE PRISON

Master
$02.70⁹
06/12/2012
US POSTAGE

LEGAL - MAIL



Anthony Albert Jimenez #K-31916
CSP-Corcoran
3A-05-146 Low
P.O. Box 3461
Corcoran, Calif. 93212

**\*\*LEGAL MAIL\*\***

90012+2035

United States District Court
For The Central District Of California
312 North Spring Street Room G-8
Los Angeles, Calif. 90012
Attn: Pro-Se, Clerk



**TERRY NAFISI**

District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Wednesday, July 18, 2012

ANTHONY ALBERT JIMENEZ CDC#K31916
P. O. BOX 3461
CORCORAN, CA. 93212

Dear Sir/Madam:

A Complaint for Civil Rights was filed today on your behalf and assigned civil case number
CV12- 5691 RGK (PJW)

A ☐ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and
assigned civil case number _____

Please refer to this case number in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

☐ District Court Judge _____
☒ Magistrate Judge _____ **Patrick J. Walsh** _____

at the following address:

☒ U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA  90012

☐ Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA  92701-4516

☐ U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

Sincerely,

Clerk, U.S. District Court

By: ___ CSAWYER _____
Deputy Clerk

CV-19  (04/01)                **LETTER re FILING CIVIL RIGHTS COMPLAINT**

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Anthony Albert Jimenez | CV12-5691-RGK(PJW) |
| PLAINTIFF(S) | |
| v. | |
| County Of Los Angeles, Los Angeles County Board Of Supervisors, Does 1-20 | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Anthony Albert Jimenez CDC#K31916_ , whose address is P. O. Box 3461 Corcoran, California 93212 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _7/18/12_____          By: _____

(Seal of the Court)

1149

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*